IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEVEDA FRANCOIS,                )
                                )
            Plaintiff,           )
                                )
    v.                           )   No. 10 C 6925
                                )
ILLINOIS DEPARTMENT OF COMMERCE )
AND ECONOMIC OPPORTUNITY,        )
                                )
            Defendant.           )

## MEMORANDUM ORDER

Deveda Francois ("Francois") has filed a self-prepared Complaint against the Illinois Department of Commerce and Economic Opportunity ("Department"), with Complaint ¶1 alleging that she seeks to proceed under the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. §§1981 and 1983.[1] But Complaint ¶1 goes on, in a confusing way, to charge Department with "racial and/or discrimination." This memorandum order is issued sua sponte because of some obvious problems posed by Francois' pleading as she has presented it.

To begin with, all of the Complaint's substantive allegations speak of race discrimination and not age discrimination. Moreover, although Complaint ¶4 refers to an EEOC right-to-sue letter and an assertedly timely filing of the Complaint, the Complaint's attachments comprise (1) a May 27, 2010 right-to-sue letter and (2) a forwarding letter dated

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

July 29, 2010 saying that the letter was being resent because the original May notification had been returned unclaimed.  Notably, the address to which the May 27, 2010 notice had been sent is the same 3517 South Calumet Avenue, Chicago address that Francois identifies for herself in the Complaint.

Under the circumstances, Francois has an obligation to explain the reason for her failure to sign for the original mailing (sent by certified mail) and, relatedly, why she was entitled to wait almost the full 90 days after the second mailing before bringing suit.  After all, she was on notice by early August that an original notification had been attempted at the end of May.  That gave her a full month within which she could have brought suit while the 90-day clock measured from the original May 27 notice was still ticking, thus enabling her to avoid any risk of untimeliness.

In any event, Francois has also not provided this Court with a copy of her Charge of Discrimination ("Charge") to which EEOC's right-to-sue letter referred.  That of course is important because it defines the proper scope of any claim that Francois may be entitled to bring.  Accordingly she is ordered to file a copy of the Charge on or before November 15, 2010.

To shift to more substantive matters, the naming of Department as the defendant simply confirms that Francois has been and continues to be an employee of the State of Illinois

(she so alleges in Complaint ¶8). And that being the case, the caption that she attaches to her substantive allegation ("Discrimination in Violation of 42 U.S.C. §§1981 and 1983"--Disparate Treatment-- Race") reflects a lack of understanding that the State's sovereign immunity leaves it invulnerable to suit under either of those statutes (<u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989) is the seminal decision establishing that principle as to Section 1983, and <u>Rucker v. Higher Educ. Aids Bd.</u>, 669 F.2d 1179, 1184 (7th Cir. 1982) is the seminal decision that extended the same concept to Section 1981 in this Circuit). Hence Francois is relegated to the statutory claim embraced by her original Charge, making it all the more important that she comply with the earlier part of this memorandum order in that respect

This Court will not take any substantive action with respect to this lawsuit at this time. But Francois is ordered to provide both (1) an explanation of her claimed entitlement to 90 days after the end of July within which to have brought suit and (2) a copy of her original Charge, on or before the November 15, 2010 date. This Court will then determine what action may be appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 28, 2010